**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FEDERAL TRADE COMMISSION,

Plaintiff,

v. Case No. 8:24-cv-1626-KKM-AAS

START CONNECTING LLC, d/b/a USA Student Debt Relief, a Florida limited liability company;

START CONNECTING SAS, d/b/a USA Student Debt Relief, a Colombia corporation;

DOUGLAS R. GOODMAN, individually and as an officer of START CONNECTING LLC;

DORIS E. GALLON-GOODMAN, individually and as an officer of START CONNECTING LLC; and

JUAN S. ROJAS, individually and as an officer of START CONNECTING LLC and START CONNECTING SAS,

Defendants.
_____________________________________/

## NOTICE OF EXPANSION OF RECEIVERSHIP TO INCLUDE G&G INTERNATIONAL CONSULTANTS SAS

On July 11, 2024, the Court appointed the undersigned, Jared J. Perez, as temporary receiver (the "**Receiver**" and the "**Receivership**") over, in relevant part, (1) START CONNECTING LLC, d/b/a USA Student Debt Relief;

and (2) START CONNECTING SAS, d/b/a both USA Student Debt Relief and Start Connecting. *See* Doc. 13 (the "**TRO**"). According to the TRO, "'**Receivership Entities**' means Corporate Defendants as well as any other entity that has conducted any business related to Defendants' marketing of Debt Relief Services, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant."[1] *Id.* at p. 9 ¶ M. "'**Corporate Defendant(s)**' means Start Connecting LLC, also d/b/a as USA Student Debt Relief, Start Connecting SAS, and each of their subsidiaries, affiliates, successors, and assigns." *Id.* at p. 7 ¶ C.

Similarly, TRO Section XII.U. governs the expansion of the Receivership and provides as follows.

> If the Receiver identifies a nonparty entity as a Receivership Entity, promptly notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's determination by filing a motion with the Court. But the Receiver may delay providing such notice until the Receiver has established control of the nonparty entity and its Assets and records, if the Receiver determines that notice to the entity or the parties before the Receiver establishes control over the entity may result in the destruction of records, dissipation of Assets, or any other obstruction of the Receiver's control of the entity.

[1] Capitalized terms not defined herein have the meanings ascribed to them in the TRO. On August 15, 2024, I filed a notice expanding the Receivership to include Zage Group, LLC. Doc. 47. As such, Zage Group, LLC is a Receivership Entity.

*Id.* § XII.U. In other words, a company qualifies as a Receivership Entity under the TRO if it (1) conducted any business related to Debt Relief Services or received Assets derived from the matters alleged in the Complaint and (2) is owned or controlled by any Defendant.

For the reasons set forth below, I have determined that G&G International Consultants SAS ("**G&G**") qualifies as a Receivership Entity under the TRO. On August 15, 2024, Doris Gallon-Goodman submitted financial disclosures to the FTC and me in which she identified G&G in response to the section on the relevant form entitled "Non-Public Business and Financial Interests." She stated that she is "believed to be owner [*sic*] and/or principal" and her ownership is "believed to be 100%." In a cover letter accompanying the disclosures, her counsel wrote, in relevant part:

> As to G&G International Consultants S.A.S. ("G&G"), Mrs. Gallon-Goodman just learned that she is the sole principal of that company. In light of daily security threats posed by routine violence in Cali, Colombia, the idea was formed to create a separate company with Mrs. Gallon-Goodman as the principal, which could survive and be used to pay salaries should anything happened to Mr. [Juan] Rojas. This was especially relevant because Mr. Rojas had been stabbed while in Bogota, Colombia and assaulted while in Cali, Colombia.
>
> ....
>
> Mrs. Gallon-Goodman and Mr. Goodman both believed that G&G was a payroll company but did not know that Mrs. Gallon-Goodman was involved in any aspect of it. Records which Mrs. Gallon-Goodman received in the last 48 hours from Ms. [Maria Theresa] Ramirez [an accountant] corroborate that funds in G&G appear to have been used to pay salaries and/or commissions for Colombian individuals.

Letter from M. Goddeyne, dated August 15, 2024.[2] Documents produced along with the financial disclosures corroborate Mrs. Gallon-Goodman's ownership of G&G. For example, the company's articles of incorporation, dated November 10, 2021, identify her as the sole owner of the company's 30,000 shares, representing an initial capitalization of $30,000,000 Colombian pesos. *See* DORISGOODMAN_FINDISC_001271.

In addition, G&G both conducted business related to Debt Relief Services and received Assets derived from the matters alleged in the Complaint. *See* Doc. 3-4 ¶¶ 98, 101-103. Specifically, accounts belonging to Zage Group, LLC and Start Connecting LLC have wired at least $363,000 to G&G since 2002. Those funds constitute Assets derived from the matters alleged in the Complaint. *See id.* According to counsel's letter, as excerpted and cited above, "funds in G&G appear to have been used to pay salaries and/or commissions for Colombian individuals" – *i.e.*, the telemarketers and other employees located in the call center. This is consistent with G&G's articles of incorporation, which identify telemarketing as one of its principal activities. As such, G&G qualifies as a Receivership Entity under the TRO because it both conducted business related to Debt Relief Services and received Assets derived

[2] Because these disclosures contain personal financial information, they have not been attached as exhibits, but all parties have copies of the relevant documents. If requested by the Court, redacted versions can be filed as a supplement to this notice.

from the matters alleged in the Complaint. If Ms. Gallon-Goodman wishes to challenge this determination, she must promptly file a motion with the Court pursuant to TRO Section XII.U.

Unless and until the Court grants any such motion, the parties must treat G&G as a Receivership Entity under the TRO and comply with all attendant requirements. Specifically, Douglas and Doris Goodman must immediately deliver all of G&G's Assets and Documents to me and/or my counsel. Such Assets are otherwise frozen and, given the violations of the TRO to date by, at minimum, defendants Juan Rojas and Douglas Goodman (*see, e.g.,* Doc. 46), I will seek sanctions from the Court for any dissipation of such Assets. *See, e.g., F.T.C. v. NPB Advertising, Inc., et al.,* Case No. 8:14-cv-1155-SDM-TGW (M.D. Fla.) (Doc. 261) (holding FTC defendant residing in the Bahamas in contempt for failing to provide financial and other information, issuing arrest warrant, and directing the U.S. Marshal to "locate and arrest [defendant] and return him in custody to answer for his contempt") (Merryday, J.); *see also* Doc. 252 (order to show cause); Doc. 251 (receiver's motion for order to show cause).

Dated this 27th day of August 2024.

Respectfully submitted,

**s/ Jared J. Perez**
Jared J. Perez, Receiver

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 27, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which served all counsel of record.

**s/ Jared J. Perez**
Jared J. Perez, Receiver
Jared.Perez@JaredPerezLaw.com
Tel: 727-641-6562
PO Box 60
Clearwater, FL 33757
(Receivership PO Box)

*and*

Matthew J. Mueller, FBN: 0047366
FOGARTY MUELLER HARRIS, PLLC
501 E. Kennedy Blvd.
Suite 1030
Tampa, Florida 33602
Tel: 813-682-1730
Fax: 813-682-1731
Email: matt@fmhlegal.com

*Counsel for Receiver, Jared J. Perez*