UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

     **Plaintiff,**

v.                            **Case No.: 8:24-cv-1626-KKM-AAS**

**START CONNECTING LLC, d/b/a USA
Student Debt Relief, a Florida limited
liability company;**

**START CONNECTING SAS, d/b/a USA
Student Debt Relief, a Colombia
corporation;**

**DOUGLAS R. GOODMAN, individually
and as an officer of START
CONNECTING LLC;**

**DORIS E. GALLON-GOODMAN,
individually and as an officer of START
CONNECTING LLC; and**

**JUAN S. ROJAS, individually and as an
officer of START CONNECTING LLC
and START CONNECTING SAS,**

     **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Jared J. Perez (the "Receiver"), as receiver for Start Connecting LLC,

d/b/a USA Student Debt Relief, Start Connecting SAS, d/b/a both USA Student

Debt Relief and Start Commenting, Zage Group, LLC, G&G International

Consultants SAS, and LEADSR4US, LLC (collectively, the "Receivership Estate"), moves for payment of services rendered in the aggregate sum of $104,109.85 in fees, during the period of July 11, 2024, through August 30, 2024. (Doc. 88). The Plaintiff, Federal Trade Commission (FTC) and Defendants Start Connecting LLC, Douglas R. Goodman, and Doris E. Gallon-Goodman do not oppose Mr. Perez's motion. Accordingly, it is **RECOMMENDED** that Mr. Perez's motion be **GRANTED**.

## I.   ANALYSIS

In the materials presented to the Court in support of the FTC's *Ex Parte* Recommendation of Receiver, the FTC represented that the Receiver agreed to accept the hourly rate of $350.00. (Doc. 5). The sole issue before the court is whether the requested fees and expenses are reasonable.

### A.   The Receiver's Fees

Reasonable compensation for the Receiver is determined by using the lodestar approach. *F.T.C. v. Mobe Ltd.*, No. 6:18-cv-862-Orl-37DCI, 2019 WL 7502748, at *2 (M.D. Fla. Dec. 23, 2019) (citing *S.E.C. v. Aquacell Batteries, Inc.*, No. 6:07-cv-608-Orl-22DAB, 2008 WL 276026, at *3 (M.D. Fla. Jan. 31, 2008)), *report and recommendation adopted by* 2020 WL 94569 (M.D. Fla. Jan. 8, 2020). The lodestar figure is determined by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate." *Loranger v.*

*Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted). The "lodestar" carries a strong presumption of reasonableness but may be adjusted by the court. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999); *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The fee applicant must demonstrate reasonableness, which includes "supplying the court with specific and detailed evidence." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). In addition, a court may use its own experience in assessing the reasonableness of the requested rate. *Id.*

### 1.    The Receiver's Hourly Rate

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The court may consider its own experience as well as the factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) to determine the reasonableness of a requested rate. *See Norman*, 836 F.2d at 1303. Sufficient evidence often includes evidence of the rates charged by lawyers in similar circumstances, or opinion evidence of reasonable rates. *Id.*

The Receiver seeks approval of an hourly rate of $350.00. (Doc. 88, pp.

6–7). As reported by the FTC in their *Ex Parte* Recommendation of Receiver, the Receiver agreed to the hourly rate of $350.00, which represents a 12.5% discount off his standard hourly rate. (Doc. 5-2, p. 3).

The Receiver requests the Court find his billing rate of $350.00 per hour reasonable. (Doc. 88, pp. 21–22). Attorney Perez is a Florida Bar lawyer with almost 20 years of experience and more than 13 years of experience representing receivers in state and federal courts. (Doc. 5-2, p. 2). Considering the Receiver's experience, skill, and lack of objection, the undersigned recommends the Court find the Receiver's billing rate of $350.00 per hour reasonable. *See S.E.C. v. Davison*, No. 8:20-CV-325-MSS-NHA, 2024 WL 2289158, at *6 (M.D. Fla. May 20, 2024), *report and recommendation adopted*, No. 8:20-cv-00325-MSS-NHA, 2024 WL 2293248 (M.D. Fla. May 21, 2024) (finding $350.00 per hour rate for Mr. Perez is reasonable).

### 2.    The Receiver's Hours

When billing fees to the receivership estate, the Receiver shall exercise proper judgement and should narrow their work to what is reasonable and necessary. *F.T.C. v. Peoples Credit First, LLC*, No. 8:03-cv-2343-T-17TBM, 2005 WL 3981599, at *4 (M.D. Fla. Apr. 19, 2006). To demonstrate the reasonableness of the hours billed, the fee applicant "should have maintained records to show the time spent on the different claims, and the general subject

matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.

The Receiver requests $52,570.00, representing 150.20 hours billed by the Receiver for services rendered between July 11, 2024, through August 30, 2024. (Doc. 88-3). During this time, the Receiver, among other things, reviewed selected data and customer call recordings (Doc. 88, p. 2), analyzed the financial state of the receivership and planned efforts to recover cash from bands and credit card processors (Doc. 88-3, p. 5), and analyzed and reconciled various issues pertaining to the Receivership Entities' electronic documents (Doc. 88-3, p. 7). The Receiver delineated his work on these matters in the invoice attached to the motion. (Doc. 88-3). As a result of his work, the Receiver has recovered a total of $444,556.37 in cash from various banks and credit card processors, created a Receivership website so that consumers and others may follow the progress of the case, and used customer relationship management software to send an email to approximately 18,000 consumers informing them about the litigation and the Receivership website. (Doc. 88, pp.3–4).

After thorough review of the Receiver time ledger, the undersigned recommends the Court find 150.20 hours is reasonable.

**B.   The Receiver's Expenses**

The Receiver requests $51,539.85 in fees for costs incurred by the Receiver and the professionals retained by the Receiver as authorized by TRO Section XII.F between July 11, 2024, through August 30, 2024. (Doc. 88). The Receiver requests that the $51,539.85 be distributed as follows:

| | |
|---|---|
| Jared J. Perez, Receiver | $2,065.00 |
| Fogarty Mueller Harris, PLLC | $17,482.97 |
| PDR CPAs | $227.50 |
| E-Hounds, Inc. | $29,509.98 |
| Chase & Associates | $2,254.40 |

(Doc. 88, pp. 6, 14). The undersigned will address each request for fees in turn.

### 1.    Jared J. Perez

The Receiver requests $2,065.00, representing out-of-pocket expenses incurred in renting a USPS PO Box for the Receivership and creating a website for the Receivership, billed by Receiver Jared J. Perez. (Doc. 88-3, pp. 4–5, 9). The Receiver delineated his out-of-pocket in the invoice attached to the motion. (*See* Doc. 88-2).

After thorough review of the Receiver invoice, the undersigned recommends the Court find $2,065.00 of reimbursement is reasonable.

### 2.    Fogarty Mueller Harris, PLLC

The Receiver requests $17,482.97 be awarded to Fogarty Mueller Harris, PLLC (herein "FMH"), representing $16,935.00 in services rendered and $547.97 in costs incurred between July 08, 2024, through August 30, 2024. (Doc. 88, p. 8). The receiver retained the services of Matt Mueller of FMH as his counsel. (Doc. 88-4). The expenses incurred in retaining FMH are delineated in the invoice attached to the motion. (Doc. 88-4).

After thorough review of the FMH invoice, the undersigned recommends the Court find $17,482.97 of reimbursement is reasonable.

### 3.    PDR CPAs

The Receiver requests $227.50 be awarded to PDR CPAs (herein "PDR") for services rendered between August 01, 2024, through August 30, 2024. (Doc. 88, p. 9). The receiver retained the services of PDR for to assist with financial matters. (Doc. 88, p. 6). The expenses incurred in retaining PDR are delineated in the invoice attached to the motion. (Doc. 88-5).

After thorough review of the PDR invoice, the undersigned recommends the Court find $227.50 of reimbursement is reasonable.

### 4.    E-Hounds, Inc.

The Receiver requests $29,509.98 be awarded to E-Hounds, Inc. (herein "EH") for services rendered and costs incurred between July 11, 2024, through August 30, 2024. (Doc. 88, p. 9). The receiver retained the services of EH to

assist with the collection and preservation of electronically stored information. (Doc. 88, pp. 5–6). The expenses incurred in retaining EH are delineated in the invoice attached to the motion. (Doc. 88-6).

After thorough review of the EH invoice, the undersigned recommends the Court find $29,509.98 of reimbursement is reasonable.

### 5.    Chase & Associates

The Receiver requests $2,254.40 be awarded to Chase & Associates (herein "C&A") for services rendered and costs incurred between July 08, 2024, through August 30, 2024. (Doc. 88, p. 11). The receiver retained the services of Angelo Troncoso of C&A for his background as investigator for the Internal Revenue Service, and his fluency in Spanish. (Doc. 88, p. 5). The expenses incurred in retaining C&A are delineated in the invoice attached to the motion. (Doc. 88-8).

After thorough review of the C&A invoice, the undersigned recommends the Court find $2,254.40 of reimbursement is reasonable.

## II.   CONCLUSION

For the reasons stated, it is **RECOMMENDED** that Mr. Perez's motion for payment of services rendered and reimbursement for costs incurred (Doc. 88) be **GRANTED** in the aggregate amount of $104,109.85.

**ENTERED** in Tampa, Florida on November 18, 2024.

_Amanda Arnold Sansone_

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.