UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

     Plaintiff,

v.                            Case No: 8:24-cv-1626-KKM-AAS

START CONNECTING LLC, et al.,

     Defendants.
_____

## <u>ORDER</u>

Hamlet Garcia, Jr., moves to intervene under Federal Rule 24(a), or alternatively, to intervene under Federal Rule 24(b).[1] Mot. to Intervene (Doc. 120). For the reasons below, the motion is denied on both grounds.

To intervene under Rule 24(a), a prospective intervenor must show (1) that the intervention motion is timely; "(2) he has an interest relating to the property or transaction that is the subject of the action;" (3) that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represent the prospective intervenor's interests. *Davis v. Butts*, 290

---

[1] Garcia filed the motion as an "emergency" because the motion "seeks to preserve the status quo and prevent irreparable harm to the Intervenor's regulatory and competition protections." Mot. to Intervene (Doc. 120) at 1. These reasons do not constitute an emergency. Garcia is warned that, under Local Rule 3.01(e), "the unwarranted designation of a motion as an emergency can result in a sanction."

F.3d 1297, 1300 (11th Cir. 2002); *see* Fed. R. Civ. P. 24(a). "Putative intervenors . . . bear the burden of proof to establish all four bases for intervention as a matter of right." *Burke v. Ocwen Fin. Corp.*, 833 F. App'x 288, 291 (11th Cir. 2020) (per curiam); *see Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).

Garcia may not intervene as a matter of right because Garcia has not shown that he has the kind of "interest" required by Rule 24(a). A potential intervenor's interest must be "direct, substantial, and legally protectable," *Mt. Hawley Ins. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (per curiam), and must be "more than an economic interest; substantive law must recognize the interest as belonging to or being owned by the movant," *Retina-X Studios, LLC v. ADVAA, LLC*, 303 F.R.D. 642, 653 (M.D. Fla. 2014); *see United States v. S. Fla. Water Mgmt. Dist.*, 922 F.2d 704, 710 (11th Cir. 1991).

As a member of an organization that was the "architect of Defendant's consumer strategy," Garcia purports to "hold[] a direct [and] substantial interest in defending its business model and reputation." Mot. to Intervene at 9 n.8. There are two problems with this asserted "interest." First, the asserted interest appears to belong to the organization, not Garcia personally. *See id.* at 9–10, 18–20. Second, even if he had filed the motion on behalf of the organization, Garcia has not shown that the generalized opposition to the FTC's regulations is an interest that is recognized by substantive law as "belonging to or

being owned" by his organization. *Mt. Hawley Ins.*, 425 F.3d at 1311 (quoting *S. Fla. Water Mgmt. Dist.*¸ 922 F.2d at 710).

Garcia may not intervene under Rule 24(b) either. Rule 24(b)(1) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). A district court has discretion to deny permissive intervention even if the requirements are met. *Chiles*, 865 F.2d at 1213.

The nature of Garcia's claims—that there is something unlawful about the FTC's regulations in the underlying action—is fundamentally different from the FTC's suit claiming that the defendants violated those regulations. As such, Garcia asserts no common question of law and it is unclear what common factual issues exist. *See Mt. Hawley Ins.*, 425 F.3d at 1312 (upholding district court's decision to deny permissive intervention because the movant's intervention would not help resolve the "primary issue" in the underlying action). Regardless, intervention will certainly delay the proceedings without benefit to the primary action's resolution. That neither party agrees to the intervention suggests that they anticipate as much or that they expect some prejudice from Garcia's intervention. Mot. to Intervene at 1 n.1. The addition of his claims would undoubtedly

cause delay, and his claims are better suited for a separate challenge of the regulations. *See Worlds v. Dep't of Health & Rehab. Servs., State of Fla.*, 929 F.2d 591, 595–96 (11th Cir. 1991) (per curiam).

Accordingly, the following is **ORDERED:**

1. The Emergency Motion to Intervene (Doc. 120) is **DENIED**.

2. The Request for Oral Argument (Doc. 120-6) is **DENIED** as moot.

3. The Motion for Miscellaneous Relief (Doc. 123) is **DENIED** as moot.

**ORDERED** in Tampa, Florida, on January 31, 2025.

Kathryn Kimball Mizelle
United States District Judge