UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.                                      Case No: 8:24-cv-1626-KKM-AAS

START CONNECTING LLC, et al.,

    Defendants.
_____

## ORDER

Hamlet Garcia, Jr., a nonparty to this case, has filed 26 frivolous documents since December 31, 2024. (Docs. 105, 106, 108, 109, 111, 112, 113, 115, 117, 118, 120, 121, 122, 123, 129, 133, 134, 136, 137, 148, 149, 150, 152, 153, 154, 155). He initially filed a motion to intervene in this action, (Doc. 105), which was stricken because it did not comply with the Local Rules of the Middle District of Florida, (Doc. 107). Despite the Court reminding him on multiple occasions, (Docs. 110, 114, 119, 135), Garcia continually refused to comply with the local rules and filed documents contemplated neither by the local rules, the Federal Rules of Civil Procedure, or federal statutes, *see* (Docs. 108, 109, 112, 113, 117, 118).

Garcia's renewed motion to intervene in this action was denied on January 31, 2025. (Doc. 126). Following that denial, Garcia has filed frivolous notices or motions seeking compensation, (Doc. 129), objecting to the Court's orders, (Docs. 133, 134), and requesting that the Court take judicial notice, (Docs. 136, 137), among others. In addition, Garcia engaged in inappropriate communications with the Court, emailing several members of this Court over 25 times in the preceding two months. (Doc. 139).

A February 18, 2025 order warned Garcia "that continuing to engage in filing frivolous submissions may result in sanctions, including a prefiling injunction." (Doc. 138). And a February 21, 2025 order, after highlighting the excessive emails to chambers, reiterated that "continued behavior of this sort will not be tolerated." (Doc. 139). Yet Garcia persisted, filing seven additional frivolous documents consisting of various objections and complaints of perceived procedural inaccuracies, (Docs. 148, 149, 150, 152, 153, 154, 155), continuing to email the Court using alarming language to express his displeasure at the Court, and repeatedly calling the Clerk's office.

The Court has an obligation "to protect [its] jurisdiction from conduct which impairs [its] ability to carry out Article III functions," *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc) (per curiam), and is "authorized to restrict access to vexatious and abusive litigants," *Brewer v. United States*, 614 F. App'x 426, 427 (11th Cir. 2015) (per curiam), to carry out this responsibility.

As evidenced by Garcia's persistent and willful disregard for multiple court orders and harassment of court staff, Garcia has engaged in vexatious and abusive litigation tactics in this case. As a result, Garcia is prohibited from filing any submissions in this case unless signed by a member of the Florida bar who is in good standing and eligible to practice before courts in the Middle District of Florida. *See Brewer*, 614 F. App'x at 427; *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) ("The only restriction this Circuit has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be 'completely foreclosed from *any* access to the court.'" (emphasis in the original) (quoting *Procup*, 792 F.2d at 1074)); *Hooker v. United States*, No. 22-12820, 2023 WL 3317413, at *1–2 (11th Cir. May 9, 2023) (per curiam) (concluding that the district court did not abuse its discretion in modifying a pre-filing injunction to enjoin the plaintiff "from filing any additional lawsuits against any agency of the United States related to his employment *or* [his ban from a healthcare system], unless signed by an attorney").

Absent the signature of counsel as described above, the Clerk is directed to delete, disregard, or otherwise reject any submissions Garcia submits, or causes to be submitted, in this case, whether through the Electronic Document Submission Web Portal or by a paper filing.

3

Accordingly, it is **ORDERED**:

1. Garcia is barred from submitting any documents in this case absent the signature of counsel admitted to the Middle District of Florida bar, including through the court's Electronic Document Submission Web Portal.

2. The Clerk is directed to delete, disregard, or otherwise reject any submissions Garcia causes to be submitted in this case absent the required signature of counsel.

3. Garcia's motions (Docs. 148, 149, 150, 153) are **DENIED**.

4. The Clerk is directed to **STRIKE** the notices (Docs. 152, 155) and supplement (Doc. 154) from the docket.

**ORDERED** in Tampa, Florida, on March 3, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge