at; 'UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA'
'TAMPA DIVISION' - U.S.A.

i; a man; Hamlet [Garcia II];

    *"a real party in interest"*/△

[-v-]

FEDERAL TRADE COMMISSION,

    Appellees.

| |
|---|
| On Appeal from the United States District Court for the Middle District of Florida, Tampa Division |
| 8:24-cv-01626-KKM-AAS [Hon] Kathryn Kimball Mizelle, Presiding [Judge] (*verified*) |

## NOTICE OF APPEAL <sup>FRAP 3(c)(1)</sup>

NOTICE IS HEREBY GIVEN: Pursuant to Federal Rule of Appellate Procedure 3(c)(1), Hamlet Garcia II, the Real Party in Interest, hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the orders entered by the United States District Court for the Middle District of Florida, Tampa Division, including but not limited to:

## I.  ORDERS ON APPEAL

**1. Docket No. 126 (Jan. 31, 2025) [1] - [Hon.] Mizzle's *Sua Sponte* Order:**

    **a.  Denial of Motion to Intervene (Dkt No. 121)**

---

[1]    FRCP 59(e); and/or; 60(b) was timely filed. *Cf.* FRAP 4(a)(4)(A) (Extension).

**NOTICE OF APPEAL**
**APPELLATE LEVEL − 1**
**FRAP 4(a)(1)(A) | 11th Cir. R. 25-3**

The Catalyst Accord (CORE)
101 E. Olney Ave Philadelphia, PA 19120
F  P: 856-438-0010 E: hamletgarciajr@gmail.com

    i. Denied intervention despite a direct, substantial, and legally protectable interest under FRCP 24(a)(2) and Eleventh Circuit precedent (*Mt. Hawley Ins. v. Sandy Lake Props.,* 425 F.3d 1308, 1311 (11th Cir. 2005)).

    ii. Contradicted itself—stating Garcia lacked a protectable interest but should file a separate case.

    iii. The court ruled without adversarial testing of arguments

    iv. Ruling contradicted itself—stating Garcia lacked a protectable interest but should file a separate case (logically irreconcilable).

  **b. ADA accommodation (Dkt No. 121 Entered: Jan. 22, 2025**

    i. Plain Text Language [of Local & FRCP];

**2. Docket No. 135 (Feb. 14, 2025) – Striking Procedural Filings**

  a. Struck filings not governed by FRCP 12(f) (which applies only to pleadings).

  b. Violated Eleventh Circuit precedent (*Bank v. Pitt,* 928 F.2d 1108, 1112 (1991) – "Substance, not form, governs procedural motions.").

**3. Docket No. 138 (Feb. 18, 2025) – Striking Request for Judicial Notice**

  a. Violated Federal Rule of Evidence 201(c)(2) (requiring judicial notice when facts are indisputable).

  b. Striking a properly framed request contradicts *Bryant v. Avado Brands,*

**NOTICE OF APPEAL**
**APPELLATE LEVEL – 2**
**FRAP 4(a)(1)(A) | 11th Cir. R. 25-3**

The Catalyst Accord (CORE)
101 E. Olney Ave Philadelphia, PA 19120
P: 856-438-0010 E: hamletgarciajr@gmail.com

1     *Inc.,* 187 F.3d 1271, 1278 (11th Cir. 1999).

2     **4.  Docket No. 139 (Feb. 21, 2025) – Order Warning of Future Sanction(s)**

3        a.  Relied on off-record and/or unverified conduct (emails, phone calls),

4           violating due process and judicial impartiality (*Caperton v. A.T. Massey*

5           *Coal Co.,* 556 U.S. 868, 876 (2009)).

6

7     A true and correct  screenshot is provided herewith:

8

> **Full docket text for document 139:**
> **ENDORSED ORDER: Mr. Garcia is not a party to this lawsuit and his requests to intervene have been denied. Nonetheless, Mr. Garcia persists in his efforts, filing numerous submissions and emailing chambers over 25 times during the last month. Two admonitions. First, any communications regarding a case should be filed on the public docket and not directed to chambers directly. Second, as Mr. Garcia has already been warned, continued behavior of this sort will not be tolerated. Judicial time and resources are wasted responding to phone calls, e-mails, letters, and voluminous pleadings and filings of various sorts. These resources are, of course, diverted from legitimate, meritorious claims. Signed by Judge Kathryn Kimball Mizelle on 2/21/2025. (KMP)**

11

12     **5.  Dkt No. 156 (March 3, 2025)–  Pre Filing Injunction & Procedural Bar**

13        a.  Blanket restriction on filings without notice, hearing, or due

14           process.

15        b.  Mischaracterized substantive motions as "frivolous" without

16           analysis (violating fundamental fairness).

17        c.  Weaponized court administration to erase filings, preventing

18           proper appellate review.

19        d.  Violated ADA rights under 42 U.S.C. § 12132 by failing to

20           adjudicate accommodation requests separately (*Tennessee v.*

**NOTICE OF APPEAL**
**APPELLATE  LEVEL − 3**
**FRAP 4(a)(1)(A) | 11th Cir. R. 25-3**

The Catalyst Accord  (CORE)
101 E. Olney Ave Philadelphia, PA 19120
F  P: 856-438-0010 E: hamletgarciajr@gmail.com

*Lane,* 541 U.S. 509 (2004)).

## II.   GROUNDS FOR APPEAL <sup>FRAP 4(a)(4)(A</sup>

### 1.  Unlawful Prefiling Injunction & Violation of Due Process

Eleventh Circuit precedent holds that a pre-filing restriction must be narrowly tailored and supported by factual findings (*Procup v. Strickland,* 792 F.2d 1069, 1074 (11th Cir. 1986)).. A pre-filing bar cannot completely foreclose access, yet here, it functionally does.

No specific findings of abuse were made before barring Appellant from filing absent an attorney signature.

### 2.  Procedural Due Process Violations & Striking of Filings [2]

Striking filings without review violates Fed. R. Civ. P. 12(f), which allows striking only "redundant, immaterial, or scandalous" content [and applies solely to pleadings].

Judicial discretion must be supported by record-based justification (*Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship,* 874 F.3d 692, 696 (2017)). Here, no findings justified striking procedural notices.

---

[2]  ♦ **Violation of Due Process** – Orders collectively restricted access to court without due process protections (U.S. Const. amends. V & XIV).

**NOTICE OF APPEAL**
**APPELLATE LEVEL − 4**
**FRAP 4(a)(1)(A) | 11th Cir. R. 25-3**

**The Catalyst Accord (CORE)**
101 E. Olney Ave Philadelphia, PA 19120
F  P: 856-438-0010 E: hamletgarciajr@gmail.com

### 3. Misclassification of Filings & Selective Procedural Enforcement

The district court arbitrarily misclassified procedural objections and judicial notices to justify striking them.

*Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) mandates that substance, not form, governs procedural motions. Yet, the court disregarded this principle and struck valid motions.

Opposing parties were not subjected to the same procedural scrutiny, violating basic principles of judicial impartiality.

### 4. Clerical Misconduct & Unauthorized Docket Manipulation

Clerk deleted procedural filings despite FRAP 10(e)(2), which mandates record completeness. [3]Here, clerks misinterpreted the judicial order by deleting filings rather than docketing them, constituting an unlawful assumption of judicial power (In re Sharon Steel Corp., 918 F.2d 434 (3d Cir. 1990)).

Conflicting statements were provided—one clerk confirmed that filings are never deleted, while another admitted to deleting them. [4]

### 5. Jurisdictional & Constitutional Errors

---

[3] Clerks are bound by Florida Rules of Judicial Administration 2.215(f), which require compliance with court orders but prohibit discretionary interpretation.
[4] Striking filings that are procedurally valid deprives the appellate court of review, violating FRAP 4(a)(4)(A)(iv).

**NOTICE OF APPEAL**
**APPELLATE LEVEL − 5**
**FRAP 4(a)(1)(A) | 11th Cir. R. 25-3**

The Catalyst Accord (CORE)
101 E. Olney Ave Philadelphia, PA 19120
P: 856-438-0010 E: hamletgarciajr@gmail.com

A district court may not shield its own unlawful orders from review; *Cf.*
*Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803): mandating that courts must
review unlawful orders, yet here, the lower court insulated its own rulings by erasing;
deleting; and/or disregarding them from the record.

Functioning as a prefiling injunction, the bar exceeds jurisdictional authority
and constitutes an unwarranted sanction absent procedural findings.

**6.  ADA Violations & Failure to Independently Adjudicate Requests**

The district court improperly dismissed Appellant's ADA accommodation
request (Dkt. 123) as "moot" without separate review. Federal law mandates an
independent assessment of ADA claims (*Tennessee v. Lane*, 541 U.S. 509 (2004)). 42
U.S.C.  §  12132  and  28  C.F.R.  §  35.160(b)(1)  require  individualized
accommodations—summary denial is legally unsustainable.

### III.    RELIEF REQUESTED FRAP 10(e)(2)

*i; Hamlet*: [Appellant:] seeks:

A. Reversal & Remand – Vacate all improper orders, restoring procedural
   filings and intervention status.

B. Injunction Against Further Prefiling Restrictions – Declare Docket 156
   unconstitutional as a prior restraint .

**NOTICE OF APPEAL**
**APPELLATE  LEVEL  –  6**
**FRAP 4(a)(1)(A) | 11th Cir. R. 25-3**

The Catalyst Accord  (CORE)
101 E. Olney Ave Philadelphia, PA 19120
F  P: 856-438-0010 E: hamletgarciajr@gmail.com

C. Formal Judicial Review of Stricken Filings – Ensure substantive filings are evaluated on the merits. [*Cf.* 11th Cir. R. 27-1(a)(8)]

D. ADA Compliance Order – Mandate adjudication of ADA accommodation requests separately.

## IV. TIMELINESS & JURISDICTION

Said Notice of Appeal is timely under FRAP 4(a)(1)(A) and FRAP 4(a)(4)(A)(iv), as the Motion for Reconsideration (Dkt. 148) tolled the appeal deadline. Jurisdiction is invoked under 28 U.S.C. § 1291, as Dkt. 156 functionally operates as a final order imposing a pre filing injunction.

## V. NOTICE OF INTENT TO FILE MANDAMUS PETITION

Appellant reserves the right to file a Writ of Mandamus under 28 U.S.C. § 1651 challenging judicial obstruction and procedural irregularities.

Duly entered for the record: [5]

*/s/ **Hamlet Garcia II***

Real Party in Interest  Propria Persona

101 E Olney Ave

General Delivery 'USPS' Unit 330

Philadelphia, Pennsylvania 19120

---

[5] Pursuant to FRAP 3(d) and FRCP 79(a), the Clerk is respectfully directed to promptly process and docket this Notice of Appeal to ensure timely filing of the Appendix, Opening Brief, and Judicial Complaint under the applicable appellate deadlines. Expedited docketing is necessary to safeguard Appellant's rights and preserve judicial review.

**NOTICE OF APPEAL**
**APPELLATE LEVEL – 7**
**FRAP 4(a)(1)(A) | 11th Cir. R. 25-3**

The Catalyst Accord  (CORE)
101 E. Olney Ave Philadelphia, PA 19120
P: 856-438-0010 E: hamletgarciajr@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

In line with Federal Rules of Appellate Procedure ("FRAP") & Local Rules of the Eleventh Circuit Court ("Local Rules"):

i, Hamlet, certify/verify that on this 11th day of March 2025, a true and correct copy of the foregoing **NOTICE OF APPEAL** was submitted for electronic filing via the CM/ECF Web Portal, which, pursuant to FRAP 25(d) and Local Rule 25-3 automatically effects service upon all registered counsel and parties of record.

**Verification of Transmission:** The CM/ECF system generated an electronic notification of filing contemporaneously with submission, constituting proof of service upon all parties entitled to notice under the Federal Rules.

If any party is not registered through CM/ECF, a copy of the filing shall be served by [state method, e.g., first-class mail, certified mail, or hand delivery], and a supplemental proof of service shall be filed accordingly.

Duly entered for the record:

*/s/ **Hamlet Garcia II***

Real Party in Interest,
Propria Persona
Philadelphia, Pennsylvania
Dated: March 11, 2025 [6]



---

[6] **FRAP 26(a)(1)** – Determines how time is computed (excluding weekends/holidays for deadlines).

**NOTICE OF APPEAL**
**APPELLATE LEVEL − 8**
**FRAP 4(a)(1)(A) | 11th Cir. R. 25-3**

**The Catalyst Accord (CORE)**
101 E. Olney Ave Philadelphia, PA 19120
F P: 856-438-0010 E: hamletgarciajr@gmail.com

20

21

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

The Catalyst Accord (CORE)
101 E. Olney Ave Philadelphia, PA 19120
F  P: 856-438-0010 E: hamletgarciajr@gmail.com

19

20

21

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

**NOTICE OF APPEAL**
**APPELLATE LEVEL – 10**
**FRAP 4(a)(1)(A) | 11th Cir. R. 25-3**

18

19

20

21

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

**NOTICE OF APPEAL**
**APPELLATE  LEVEL  −  11**
**FRAP 4(a)(1)(A) | 11th Cir. R. 25-3**

The Catalyst Accord (CORE)
101 E. Olney Ave Philadelphia, PA 19120
P: 856-438-0010 E: hamletgarciajr@gmail.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

1

2

3

4

5

6

7

8

**NOTICE OF APPEAL**
**APPELLATE  LEVEL − 13**
**FRAP 4(a)(1)(A) | 11th Cir. R. 25-3**

The Catalyst Accord  (CORE)
101 E. Olney Ave Philadelphia, PA 19120
F  P: 856-438-0010 E: hamletgarciajr@gmail.com

9

10

11

12

13

14

15

16

17

18

19

20

21

1

2

3

4

5

6

7

**NOTICE OF APPEAL**
**APPELLATE LEVEL − 14**
**FRAP 4(a)(1)(A) | 11th Cir. R. 25-3**

8

9

10

11

12

13

14

15

16

17

18

19

1

2

3

4

5

6

7

8

**NOTICE OF APPEAL**
**APPELLATE LEVEL − 15**
**FRAP 4(a)(1)(A) | 11th Cir. R. 25-3**

The Catalyst Accord (CORE)
101 E. Olney Ave Philadelphia, PA 19120
F  P: 856-438-0010 E: hamletgarciajr@gmail.com

9

10

11

12

13

14

15

1

2

3

4

5

6

7

8

9

10

11

12

13

**NOTICE OF APPEAL**
**APPELLATE  LEVEL  −  16**
**FRAP 4(a)(1)(A) | 11th Cir. R. 25-3**

14

15

16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

1

2

3

**NOTICE OF APPEAL**
**APPELLATE LEVEL − 17**
**FRAP 4(a)(1)(A) | 11th Cir. R. 25-3**

The Catalyst Accord (CORE)
101 E. Olney Ave Philadelphia, PA 19120
P: 856-438-0010 E: hamletgarciajr@gmail.com

4

5

6

7

8

9

10

11

1

2

3

4

5

6

7

8

9

10

11

12

**NOTICE OF APPEAL**
**APPELLATE LEVEL − 18**
FRAP 4(a)(1)(A) | 11th Cir. R. 25-3

13

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

19

20

21

22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

**NOTICE OF APPEAL**
**APPELLATE LEVEL – 20**
**FRAP 4(a)(1)(A) | 11th Cir. R. 25-3**

The Catalyst Accord (CORE)
101 E. Olney Ave Philadelphia, PA 19120
P: 856-438-0010 E: hamletgarciajr@gmail.com

19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

NOTICE OF APPEAL
APPELLATE LEVEL – 21
FRAP 4(a)(1)(A) | 11th Cir. R. 25-3

The Catalyst Accord (CORE)
101 E. Olney Ave Philadelphia, PA 19120
P: 856-438-0010 E: hamletgarciajr@gmail.com

The Catalyst Accord (CORE)
101 E. Olney Ave Philadelphia, PA 19120
P: 856-438-0010 E: hamletgarciajr@gmail.com