UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

     Plaintiff,

v.                                Case No.: 8:24-cv-1626-KKM-AAS

START CONNECTING LLC, d/b/a USA
Student Debt Relief, a Florida limited
liability company;

START CONNECTING SAS, d/b/a USA
Student Debt Relief, a Colombia
corporation;

DOUGLAS R. GOODMAN, individually
and as an officer of START
CONNECTING LLC;

DORIS E. GALLON-GOODMAN,
individually and as an officer of START
CONNECTING LLC; and

JUAN S. ROJAS, individually and as an
officer of START CONNECTING LLC
and START CONNECTING SAS,

     Defendants.
_____/

## REPORT AND RECOMMENDATION

     Jared J. Perez (the "Receiver"), as receiver for Start Connecting LLC,

d/b/a USA Student Debt Relief, Start Connecting SAS, d/b/a both USA Student

Debt Relief and Start Connecting, Zage Group, LLC, G&G International

1

Consultants SAS, and LEADSR4US, LLC (collectively, the "Receivership Estate"), moves for an order granting customary and necessary relief to close the Receivership. (Doc. 229). Specifically, the Receiver moves the court to enter an order in substantially the same form of the proposed order attached to the motion. (Doc. 229-1). The motion is unopposed.

The undersigned reviewed the court's orders setting out the powers and duties of Receiver (Docs. 13, 69) as well as the Receiver's account of Receivership events, and finds the Receiver has fully and faithfully performed his tasks and responsibilities. *Fed. Trade Comm'n v. GDP Network LLC*, No. 6:20-CV-1192-WWB-DCI, 2022 WL 17851632 at \*4 (M.D. Fla. Sept. 26, 2022), *report and recommendation adopted*, No. 6:20-CV-1192-WWB-DCI, 2022 WL 17851631 (M.D. Fla. Oct. 18, 2022) (reviewing the same and recommending that the Receivership be closed and the Proposed Order be entered). Accordingly, the undersigned finds the Receivership is due to be closed and the proposed order is due to be entered. It is **RECOMMENDED** that the motion be **GRANTED,** and the court enter an order in the same form as the proposed order as detailed below:

It is **RECOMMENDED** the court:

1. Authorize the Receiver to make a distribution of $237,181.78 to the plaintiff Federal Trade Commission ("FTC");

2. Authorize the Receiver to pay estimated final fees and costs of $5,000 (in addition to the amounts sought in the Receiver's Final Motion for Fees) to complete the closing of the Receivership from the remaining Receivership assets (unused funds will revert to the FTC);

3. Authorize the abandonment of the Receivership Entities (as defined in the Motion) all other remaining assets and liabilities of the Receivership;

4. Authorize the Receiver to destroy, or otherwise dispose of, all books, records, computer equipment, other computer-related devices, and other items related to the Receivership in the Receiver's discretion after the FTC has been provided written notice of thirty days from the date of the notice to request copies of any Receivership records;

5. Authorize the Receiver to retain the books and records necessary to support the tax returns filed by the Receiver for a period of four (4) years and thereafter destroy those books and records;

6. Approve the Receiver's Final Report and the Final Accounting attached as Exhibit 2 to the Receiver's Final Report and Motion to Close Receivership. (Doc. 229-2).

7. Discharge the Receiver and his agents, employees, members, officers, independent contractors, attorneys, representatives, predecessors, successors and assignees, and relieving the Receiver and his agents,

employees, members, officers, independent contractors, attorneys, representatives, predecessors, successors, and assignees of all duties, liabilities, and responsibilities arising out of and/or pertaining to the Receivership previously established in this action effective upon the Receiver filing a Closing Declaration in which he attests that he has completed the final distribution as specified herein, filed the final necessary tax returns, and paid the final fees and costs of the Receivership;

8. Enjoin all persons from commencing or prosecuting, without leave of this Court, any action against the Receiver or his agents in connection with or arising out of the Receiver's or his agents' services to this Court in this Receivership, expressly including the matters addressed in Dkt. 219;

9. Retain jurisdiction for the purpose of enforcing the above injunctive relief; and

10. Close this Receivership without further order from this Court effective upon the Receiver filing a Closing Declaration in which he attests that he has completed the final distribution, filed the final necessary tax returns, and paid the final fees and costs of the Receivership.

**ENTERED** in Tampa, Florida on April 29, 2026.

_Amanda Arnold Sansone_

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.